# Supreme Court of Florida

_____

No. SC17-91

_____

**IN RE: AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE—2017 REGULAR-CYCLE REPORT.**

[October 5, 2017]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Family Law Rules of Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.

## BACKGROUND

The Family Law Rules Committee (Committee) has filed its regular-cycle report of proposed rule and form amendments. See Fla. R. Jud. Admin. 2.140(b). The Committee proposes amendments to rules 12.130 (Documents Supporting Action or Defense); 12.200 (Case Management and Pretrial Conferences); 12.400 (Confidentiality of Records and Proceedings); 12.407 (Testimony and Attendance of Minor Child); 12.490 (General Magistrates); and form 12.902(f)(3) (Marital Settlement Agreement for Simplified Dissolution of Marriage). The Committee

also proposes new Florida Family Law Rule of Procedure 12.4501 (Judicial Notice). The Board of Governors of The Florida Bar unanimously approved the proposals. Prior to submission to the Court, the Committee published its proposals for comment. Several comments were received in opposition to a proposed amendment to Florida Family Law Rule of Procedure 12.285 (Mandatory Disclosure). As a result, the Committee did not include that proposal in its report. After submission to the Court, the proposals were again published for comment. No comments were received.

Upon consideration of the Committee's Report, we adopt amendments to the Florida Family Law Rules of Procedure and forms, with certain exceptions, as described below.[1]

**AMENDMENTS**

Rule 12.130 (Documents Supporting Action or Defense) is amended to remove specific references to certain types of documents—bonds, notes, bills of exchange, contracts, and accounts—and simply require that documents or a copy thereof that are essential to state a cause of action or that are otherwise required by law be incorporated or attached to pleadings.

---

1. Other minor and editorial amendments are also made.

Rule 12.200 (Case Management and Pretrial Conferences) is amended to make case management conferences optional rather than mandatory in adoption proceedings. Although we recognize that this rule was specifically amended in 1998 to make the use of case management conferences in adoption proceedings mandatory, see In re Amends. to Fla. Family Law Rules, 713 So. 2d 1, 8 (Fla. 1998), the Committee represents that the current practice in adoption proceedings is that case management conferences are considered optional, and we agree that given current statutory provisions pertaining to adoption, mandatory case management conferences are no longer necessary.[2]

A new subdivision (b) is added to rule 12.400 (Confidentiality of Records and Proceedings) stating that all documents containing sensitive information must be filed in conformity with Florida Rule of Judicial Administration 2.425 (Minimization of the Filing of Sensitive Information). This amendment is meant to raise awareness of this requirement.

The Committee proposes several amendments to rule 12.407 (Testimony and Attendance of Minor Child). In its report, the Committee states that the amendments are intended to strengthen protections for minor children from the stresses of court. The proposed amendments would prohibit a child from being

---

2. We decline to include the proposed Committee Note to rule 12.200.

deposed, brought to a deposition, or brought to "the court," even to appear as a witness or to attend any hearing, or subpoenaed to appear at any hearing without prior order of the court based on good cause shown, would eliminate the existing exception to this rule for emergency situations, and would permit the court to impose sanctions for a violation of the rule. Due to concerns that the wording of these amendments might produce the unintended consequences of (1) prohibiting children from entering a courthouse building, and (2) directly conflicting with certain provisions of Florida Rule of Juvenile Procedure 8.255, especially in the context of Unified Family Court proceedings, we decline to adopt them. Additionally, we refer these issues back to the Family Law Rules Committee, the Steering Committee on Children and Families in the Court, and the Juvenile Court Rules Committee for further joint consideration.

New rule 12.4501 (Judicial Notice) is adopted to reflect the provisions of section 90.204(4), Florida Statutes (2016), pertaining to the taking of judicial notice in family cases. Section 90.204(4) provides that in family cases judges may take judicial notice of certain court records without prior notice to the parties when imminent danger to persons or property has been alleged and it is impractical to give prior notice. The statute also requires that after a court takes judicial notice in this manner, it must give notice and provide the parties with an "opportunity to present information relevant to the propriety of taking judicial notice and to the

nature of the matter noticed." § 90.204(1), Fla. Stat. (2016).  The new rule reflects the provisions of this statute.

Subdivision (d)(2) of rule 12.490 (General Magistrates) is amended to correct a cross-reference to Florida Rule of Judicial Administration 2.535.

Form 12.902(f)(3) (Marital Settlement Agreement for Simplified Dissolution of Marriage) is amended to delete language in the form requiring the filing of a Family Law Financial Affidavit because in a simplified dissolution of marriage proceeding such is not required.  See Fla. Fam. L. R. P. 12.285(c).  The form is also amended to delete language stating that litigants do not need to list account numbers and replace it with language directing that the last four digits of an account number be provided.  See Fla. R. Jud. Admin. 2.425.

## CONCLUSION

Accordingly, the Florida Family Law Rules of Procedure and forms are amended as set forth in the appendix to this opinion.  Language added to the rules is underscored; deleted language is struck through.

The amended form is fully engrossed and ready for use.  The form may also be accessed and downloaded from the Florida State Courts' website at http://www.flcourts.org/resources-and-services/court-improvement/family-courts/family-law-forms.stml.  By adoption of the amended form, we express no opinion as to its correctness or applicability.

The amended and new rules and the amended form shall become effective at 12:01 a.m., January 1, 2018.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

Robert Joseph Merlin, Chair, Family Law Rules Committee, Coral Gables, Florida, and Honorable Laurel Moore Lee, Past Chair, Family Law Rules Committee, Plant City, Florida; and John F. Harkness, Jr., Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Judge Christine Greider, Chair, Steering Committee on Families and Children in the Court, Naples, Florida,

Responding with comments

# APPENDIX

**RULE 12.130.     DOCUMENTS SUPPORTING ACTION OR DEFENSE**

(a)     **Documents Attached.** If it is essential to state a cause of action, or otherwise required by law, ~~a copy of the bonds, notes, bills of exchange, contracts, accounts, or other~~ documents or a copy, when otherwise required, or the relevant portions of the documents ~~shall~~must be incorporated in or attached to the pleadings.

(b)     **Part for All Purposes.** Any exhibit attached to a pleading ~~shall~~must be considered part of the pleading. Statements in a pleading may be adopted by reference in a different part of the same pleading, in another pleading, or in any motion.

(c)     **Protection of Account and Personal Identifying Numbers.** Any reference in any pleading or exhibit filed with the court to account numbers, social security numbers, employee identification numbers, driver's license numbers, passport numbers, or other personal identifying information ~~shall~~must be presented as provided in Florida Rule of Judicial Administration 2.425.

**RULE 12.200.     CASE MANAGEMENT AND PRETRIAL CONFERENCES**

(a)     **Case Management Conference.**

(1)     [no change]

(2)     **Adoption Proceedings.** A case management conference ~~shall~~may be ordered by the court within 60 days of the filing of a petition when:

(A)     there is a request for a waiver of consent to a termination of parental rights of any person required to consent by section 63.062, Florida Statutes;

(B)     notice of the hearing on the petition to terminate parental rights pending adoption is not being afforded a person whose consent is required but who has not consented;

(C)     there is an objection to venue, which was made after the waiver of venue was signed;

(D)     an intermediary, attorney, or agency is seeking fees, costs, or other expenses in excess of those provided under section 63.097 or 63.212(5), Florida Statutes;

(E)     an affidavit of diligent search and inquiry is filed in lieu of personal service under section 63.088(4), Florida Statutes; or

(F)     the court is otherwise aware that any person having standing objects to the termination of parental rights pending adoption.

**(b)     Pretrial Conference.** After the action is at issue the court itself may or ~~shall~~must on the timely motion of any party require the parties to appear for a conference to consider and determine:

(1)     proposed stipulations and the simplification of the issues;

(2)     the necessity or desirability of amendments to the pleadings;

(3)     the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;

(4)     the limitation of the number of expert witnesses; and

(5)     any matters permitted under subdivision (a) ~~of this rule~~.

**(c)     Notice.** Reasonable notice ~~shall~~must be given for a case management conference, and 20 days' notice ~~shall~~must be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference ~~shall~~must be specified in the order. Orders setting pretrial conferences ~~shall~~must be uniform throughout the territorial jurisdiction of the court.

**(d)     Case Management and Pretrial Order.** The court shall make an order reciting the action taken at a conference and any stipulations made. The order ~~shall~~will control the subsequent course of the action unless modified to prevent injustice.

**Commentary**

[no change]

**Committee Note**

[no change]

**RULE 12.400.     CONFIDENTIALITY OF RECORDS AND PROCEEDINGS**

**(a)**     [no change]

**(b)     Filing of Sensitive Information.** All documents containing sensitive information must be filed in conformity with Florida Rule of Judicial Administration 2.425.

**(c)     In Camera Inspections.** The court ~~shall~~must conduct an in camera inspection of any records sought to be sealed and consider the contents of the records in determining whether they should be sealed.

**(e̶d)     Conditional Sealing of Financial Information.**

(1)     The court has the authority to conditionally seal the financial information required by rule 12.285 if it is likely that access to the information would subject a party to abuse, such as the use of the information by third parties for purposes unrelated to government or judicial accountability or to first amendment rights. Any such order sealing the financial information is conditional in that the information ~~shall~~must be disclosed to any person who establishes that disclosure of the information is necessary for government or judicial accountability or has a proper first amendment right to the information.

(2)     Notice of conditional sealing shall be as required by Florida Rule of Judicial Administration 2.420(d).

(3)     Upon receipt of a motion to reopen conditionally sealed financial information, the court ~~shall~~must schedule a hearing on the motion with notice provided to the movant and parties.

**Commentary**

## RULE 12.4501.　JUDICIAL NOTICE

In family cases, the court may take judicial notice of any matter described in section 90.202(6), Florida Statutes, when imminent danger to persons or property has been alleged and it is impractical to give prior notice to the parties of the intent to take judicial notice. Opportunity to present evidence relevant to the propriety of taking judicial notice under section 90.204(1), Florida Statutes, may be deferred until after judicial action has been taken. If judicial notice is taken under this rule, the court must, within 2 business days, file a notice in the pending case of the matters judicially noticed. For purposes of this rule, the term "family cases" has the same meaning as provided in the Florida Rules of Judicial Administration.

## RULE 12.490.　GENERAL MAGISTRATES

**(a)　General Magistrates.** Judges of the circuit court may appoint as many general magistrates from among the members of The Florida Bar in the circuit as the judges find necessary, and the general magistrates ~~shall~~will continue in office until removed by the court. The order making an appointment ~~shall~~must be recorded. Every person appointed as a general magistrate ~~shall~~must take the oath required of officers by the constitution and the oath ~~shall~~must be recorded before the magistrate discharges any duties of that office.

**(b)　Reference.**

(1) – (2)　[no change]

(3)　The order of referral ~~shall~~must state with specificity the matter or matters being referred and the name of the specific general magistrate to whom the matter is referred. The order of referral ~~shall~~must also state whether electronic recording or a court reporter is provided by the court, or whether a court reporter, if desired, must be provided by the litigants.

(4)　[no change]

**(c)　General Powers and Duties.** Every general magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court except those duties related to injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking. A general magistrate ~~shall be~~is empowered to administer oaths and

conduct hearings, which may include the taking of evidence. All grounds for disqualification of a judge ~~shall~~ apply to general magistrates.

**(d)  Hearings.**

(1)  The general magistrate ~~shall~~<u>must</u> assign a time and place for proceedings as soon as reasonably possible after the reference is made and give notice to each of the parties either directly or by directing counsel to file and serve a notice of hearing. If any party fails to appear, the general magistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The general magistrate ~~shall~~<u>must</u> proceed with reasonable diligence in every reference and with the least delay practicable. Any party may apply to the court for an order to the general magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay.

(2)  The general magistrate ~~shall~~<u>must</u> take testimony and establish a record which may be by electronic means as provided by Florida Rule of Judicial Administration 2.535~~(g)(3)~~<u>(h)(4)</u> or by a court reporter. The parties may not waive this requirement.

(3)  The general magistrate ~~shall have~~<u>has the</u> authority to examine under oath the parties and all witnesses upon all matters contained in the reference, to require production of all books, documents, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general magistrate may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general magistrate ~~shall have~~<u>has</u> the same powers as a circuit judge to utilize communications equipment as defined and regulated by Florida Rule of Judicial Administration 2.530.

(4)  The notice or order setting the cause for hearing ~~shall~~<u>must</u> be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(c) and ~~shall~~<u>must</u> contain the following language in bold type:

SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLA. FAM. L. R. P. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED. A

RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.

(5)     The notice or order setting a matter for hearing ~~shall~~must state whether electronic recording or a court reporter is provided by the court. If the court provides electronic recording, the notice ~~shall~~must also state that any party may provide a court reporter at that party's expense.

**(e)     General Magistrate's Report.** The general magistrate ~~shall~~must file a report that includes findings of fact and conclusions of law, together with recommendations. If a court reporter was present, the report ~~shall~~must contain the name and address of the reporter.

**(f)     Filing Report; Notice; Exceptions.** The general magistrate ~~shall~~must file the report and recommendations and serve copies on all parties. The parties may file exceptions to the report within 10 days from the time it is served on them. Any party may file cross-exceptions within 5 days from the service of the exceptions, provided, however, that the filing of cross-exceptions ~~shall~~must not delay the hearing on the exceptions unless good cause is shown. If no exceptions are filed within that period, the court ~~shall~~must take appropriate action on the report. If exceptions are filed, they ~~shall~~must be heard on reasonable notice by either party or the court.

**(g)     Record.** For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, ~~shall~~must be provided to the court by the party seeking review if necessary for the court's review.

(1)     The record ~~shall~~must consist of the court file, including the transcript of the relevant proceedings before the general magistrate and all depositions and evidence presented to the general magistrate.

(2)     The transcript of all relevant proceedings, if any, ~~shall~~must be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions. If less than a full transcript of the proceedings taken before the general magistrate is ordered prepared by the excepting party, that party ~~shall~~must promptly file a notice setting forth the portions of the transcript that have been ordered. The responding parties ~~shall~~must be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.

(3)     The cost of the original and all copies of the transcript of the proceedings ~~shall be~~is borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result of a designation filed by the responding party, the party making the designation ~~shall~~ bears the initial cost of the additional transcript.

## Commentary

[no change]

## Committee Notes

[no change]

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(f)(3)
# MARITAL SETTLEMENT AGREEMENT FOR
# SIMPLIFIED DISSOLUTION OF MARRIAGE (10/17)

**When should this form be used?**

This form should be used when a **Petition for Simplified Dissolution of Marriage**, Florida Family Law Rules of Procedure Form 12.901(a), has been **filed** and the **parties** have reached an agreement on all of the issues at hand.

This form should be typed or printed in black ink. **Both** parties must sign the agreement and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should file the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**).

**Where can I look for more information?**

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition which was filed in this case.

**Special notes...**

**This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)

- 14 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: the Marriage of:

_____,
Petitioner,

and

_____,
Respondent.

# MARITAL SETTLEMENT AGREEMENT FOR
# SIMPLIFIED DISSOLUTION OF MARRIAGE

We, *{Husband's full legal name}*_____, and *{Wife's full legal name}*
_____,being sworn, certify that the following statements
are true:

1. We were married to each other on *{date}* _____.

2. Because of irreconcilable differences in our marriage (no chance of staying together), we have
   made this agreement to settle once and for all what we owe to each other and what we can
   expect to receive from each other.  Each of us states that nothing has been held back, that we
   have honestly included everything we could think of in listing our assets (everything we own and
   that is owed to us) and our debts (everything we owe), and that we believe the other has been
   open and honest in writing this agreement.

3. Each of us agrees to execute and exchange any documents that might be needed to complete
   this agreement, including deeds, title certificates, etc.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.  Division of Assets.**  We divide our assets (everything we own and that is owed to us) as follows:  Any
personal item(s) not listed below is the property of the party currently in possession of the item(s).

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution
of Marriage (10/17)

- 15 -

1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)

- 16 -

| ASSETS:  DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE<br><br>To avoid confusion at a later date, describe each item as clearly as possible.<br>**LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.**<br>Where applicable, include whether the name on any title/deed/account described below is wife's, husband's, or both. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)

| | |
|---|---|
| Collectibles | |
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| | |
| | |
| **Total Assets to Wife** | $ _____ |

2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)

| ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE<br>To avoid confusion at a later date, describe each item as clearly as possible.<br>**LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.**<br>Where applicable, include whether the name on any title/deed/account described below is wife's, husband's or both. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)

| | |
|---|---|
| Collectibles | |
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| **Total Assets to Husband** | $ _____ |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)

- 20 -

**B. Division of Liabilities/Debts.** We divide our liabilities (everything we owe) as follows:

1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY WIFE<br>To avoid confusion at a later date, describe each item as clearly as possible.<br>LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Where applicable, include whether the name on any mortgage, note, or account described below is wife's, husband's, or both. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Wife** | $ | $ |

2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY HUSBAND<br>To avoid confusion at a later date, describe each item as clearly as possible.<br>LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Where applicable, include whether the name on any mortgage, note, or account described below is wife's, husband's, or both. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Husband** | $ | $ |

**C.  Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:**

_____

_____

_____

_____

_____

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)

- 22 -

**SECTION II.  SPOUSAL SUPPORT (ALIMONY) Each of us forever gives up any right to spousal support (alimony) that we may have.**

**SECTION III.  OTHER**

_____

_____

_____

_____

**I certify that I have been open and honest in entering into this settlement agreement.  I am satisfied with this agreement and intend to be bound by it.**

Dated: _____          _____
                                            Signature of Husband
                                             Printed Name: _____
                                             Address: _____
                                             City, State, Zip: _____
                                             Telephone Number: _____
                                             Fax Number: _____
                                             E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____

                                            NOTARY PUBLIC or DEPUTY CLERK

_____

                    _{Print, type, or stamp commissioned name of notary or clerk.}_
_____ Personally known
_____ Produced identification
Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]
This form was prepared for the Husband who is the _{choose only **one**}_ (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
_{name of individual}_ _____,
_{name of business}_ _____,

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)

*{address}* _____ ,
*{city}* _____ *,{state}* _____ , *{telephone number}* _____ .


**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**


Dated: _____

_____
Signature of Wife
Printed Name:_____
Address:_____
City, State, Zip:_____
Telephone number:_____
Fax Number_____
E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or clerk.}*
_____ Personally known
_____ Produced identification
Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks]
This form was prepared for the Wife who is the *{choose only **one**}* (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____ ,
*{name of business}* _____ ,
 *{address}* _____ ,
*{city}* _____ *,{state}* _____ , *{telephone number}* _____ .

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/17)