# Supreme Court of Florida

_____

No. SC18-853
_____

## IN RE: AMENDMENTS TO FLORIDA FAMILY LAW RULE OF PROCEDURE 12.407.

December 13, 2018

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Family Law Rules of Procedure. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

## BACKGROUND

The Family Law Rules Committee previously proposed amendments to rule 12.407 in its 2017 regular-cycle report. *In re Amends. to Fla. Family Law Rules of Pro.—2017 Regular-Cycle Report*, 227 So. 3d 115, 116 (Fla. 2017). The Court, concerned that the amendments "might produce the unintended consequences of (1) prohibiting children from entering a courthouse building, and (2) directly conflicting with certain provisions of Florida Rule of Juvenile Procedure 8.255, especially in the context of Unified Family Court Proceedings," declined to adopt

the amendments. *Id.* Instead, the Court "refer[red] these issues back to the Family Law Rules Committee, the Steering Committee on Families and Children in the Court, and the Juvenile Court Rules Committee for further joint consideration." *Id.*

In response to this Court's request that the three committees work together to address the Court's concerns, the Family Law Rules Committee (FLR Committee), Juvenile Court Rules Committee (JCR Committee), and the Steering Committee on Families and Children in the Court (Steering Committee) have filed a joint out-of-cycle report proposing amendments to Florida Family Law Rule of Procedure 12.407 (Testimony and Attendance of Minor Child). The Court published the proposed amendments in the July 15, 2018, edition of *The Florida Bar News*. One comment was received from Eleventh Judicial Circuit Court Judge Scott M. Bernstein. The committees submitted a joint response, declining to make the change suggested by Judge Bernstein but making further editorial amendments not related to the comment. Upon consideration of the committees' report, the comment received, and the joint response, we adopt the amendments to the Florida Family Law Rules of Procedure as proposed in the response.[1]

---

1. Other minor and editorial amendments are also made.

## AMENDMENTS

The committees propose adding the subdivision titles "Prohibition," "Related Proceedings," and "Uncontested Adoption" to rule 12.407. Additionally, the committees propose substantially rewording the rule to address this Court's concerns. Under the subtitle "Prohibition," the amended rule prohibits children who are witnesses, potential witnesses, or related to family law cases from being deposed or brought to a deposition, being subpoenaed to attend a family law proceeding, or being present at a family law proceeding without prior order from the court, unless otherwise provided by law or another rule of procedure. Under the subtitle "Related Proceedings," the rule clarifies that in family law proceedings held concurrently with proceedings governed by the Florida Rules of Juvenile Procedure, the Florida Rules of Juvenile Procedure govern as to the child's appearance in court. Under the subtitle "Uncontested Adoption," the rule makes clear that it does not apply in uncontested adoption proceedings. Finally, the committees added a comment further clarifying that the rule is not intended to prohibit children who are unrelated to the litigation from attending court or depositions in family law cases, and is, instead, intended to protect children who may be harmed by unnecessary involvement in family law proceedings.

# CONCLUSION

We commend the Family Law Rules Committee, the Juvenile Court Rules Committee, and the Steering Committee on Families and Children in the Court for working collaboratively on the amendments to Rule 12.407 to successfully address this Court's concerns. Accordingly, the Florida Family Law Rules of Procedure are amended as set forth in the appendix to this opinion. Language added to the rules is underscored; deleted language is struck through.

The amended rule shall become effective upon release of this opinion.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

Maria Liliana Obradovich, Chair, Family Law Rules Committee, Tampa, Florida, and Robert Joseph Merlin, Past Chair, Family Law Rules Committee, Coral Gables, Florida; David Neal Silverstein, Chair, Juvenile Court Rules Committee, Bradenton, Florida, and Kara Ann Fenlon, Past Chair, Juvenile Court Rules Committee, Tallahassee, Florida; Honorable Christine Hissam Greider, Chair, Steering Committee on Children and Families in the Court; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Honorable Scott M. Bernstein, Judge, and Patricia Gladson, General Counsel, Eleventh Judicial Circuit, Miami, Florida,

    Responding with comments

# APPENDIX

## RULE 12.407.    TESTIMONY AND ATTENDANCE OF MINOR CHILD

(a)    **Prohibition.** Unless otherwise provided by law or another rule of procedure, children who are witnesses, potential witnesses, or related to a family law case, are prohibited from being ~~No minor child shall be~~ deposed or brought to a deposition, ~~brought to court to appear as a witness or to attend a hearing, or~~from being subpoenaed to appear at any ~~hearing~~ family law proceeding, or from attending any family law proceedings without prior order of the court based on good cause shown ~~unless in an emergency situation~~.

(b)    **Related Proceedings.** In a family law proceeding held concurrently with a proceeding governed by the Florida Rules of Juvenile Procedure, the Florida Rules of Juvenile Procedure govern as to the child's appearance in court.

(c)    **Uncontested Adoption.** This ~~provision~~rule ~~shall~~does not apply to uncontested adoption proceedings.

### Court Commentary

**1995 Adoption.** This rule is intended to afford additional protection to minor children by avoiding any unnecessary involvement of children in family law litigation. While due process considerations prohibit an absolute ban on child testimony, this rule requires that a judge determine whether a child's testimony is necessary and relevant to issues before the court prior to a child being required to testify.

### Committee Notes

**2018 Amendment.** This rule is not intended to prohibit children who are unrelated to the litigation from attending court or depositions in family law cases for educational purposes and other reasons. This rule is intended to protect children who may be harmed by unnecessary involvement in family law proceedings. Children who may be harmed by unnecessary involvement include children who may be the subject of the family law case and children who are witnesses, are potential witnesses, or have extensive involvement with the family that is the subject of a current family law case.